Case 15-07612   Doc 42   Filed 08/26/15   Entered 08/27/15 14:53:18   Desc Main
Document   Page 1 of 2

15-07612:37.2:Motion for Judgment:Findings of Fact and Conclusions of Law Entered: 7/23/2015 2:19:28 PM by:Charles Glanzer Page 1 of 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Jay Kijek and Patricia Kijek,     )
              )
              ) Case No. 15-07612
   Debtors       ) Chapter 13
              )
              ) Hon. Jack B. Schmetterer

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Debtors' Motion have been taken as confessed against Creditor, HOUSEHOLD FINANCE CORPORATION III ("HFC"), the following findings of facts and the conclusions of law are made and will be entered:

1. This is a core proceeding within the meaning of Section 157(B)(1) and (2) of Title 28, United States Code.

2. Venue is proper pursuant to Section 1409 of Title 28, United States Code.

3. The Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on March 4, 2015.

4. The Debtors are the owners of a single family residence located at 7516 West Foster Avenue, Chicago, Illinois 60656 ("Property"), P.I.N. 12-12-208-033-0000, in Cook County, Illinois.

5. That Bank of America Home Loans ("Bank of America") holds a first mortgage lien on the Property in the amount of $251,265.51.

6. HFC holds a second mortgage lien on the Property with a payoff balance of $63,575.67. HFC filed a proof of claim in this matter and was attached to Debtors' Motion to Determine Value as Exhibit B.

7.  The fair market value of the Property at the time Debtors' petition was filed was $210,000.00. A copy of the appraisal of the Property dated February 2, 2015, performed by appraiser Henry M. Jung, was attached to Debtors' Motion as Exhibit C.

8.  Under 11 U.S.C. § 506(a) and 506(d), HFC's second secured lien would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim. Therefore, HFC's second secured mortgage lien is void to the extent it is not an allowed secured claim.

9.  Pursuant to 11 U.S.C. § 1322(b) (2), the Debtors' chapter 13 plan may modify the rights of holders of secured or unsecured claims.

10. The amount owed on the first mortgage to Bank of America, $251,265.51, exceeds the full value of the Property, $210,000.00.

11. As the first mortgage lien exceeds the full value of the Property, the secured value of the HFC's second mortgage lien is zero. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Judge Jack B. Schmetterer

AUG 26 2015

Prepared By:
Charles E. Glanzer
Glanzer & Associates, P.C.
101 W. Grand Ave., Suite 200
Chicago, IL 60654
(312) 644-2227